UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IREDELL SANDERS,

    Plaintiff,

v.                                                           CAUSE NO. 3:19-CV-189-DRL-MGG

CITY OF SOUTH BEND,

    Defendant.

## OPINION AND ORDER

Iredell Sanders, without the benefit of counsel, filed an amended complaint against the City of South Bend. He also filed a motion for leave to proceed *in forma pauperis*. When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *See Smith-Bey*, 841 F.2d at 757.

Furthermore, a court must dismiss a case at any time if it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To determine whether the suit states a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and

citation omitted). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In this case, Mr. Sanders satisfies the financial prong of the analysis, but the amended complaint lacks sufficient merit to proceed. In his amended complaint, Mr. Sanders alleges that South Bend police officers wrote false arrest reports about him, falsely arrested him for domestic battery, and ruined his reputation with lies. ECF 6 at 1-6. He has attached South Bend Police Department case reports from 2007, 2009, and 2015, which document his arrests for domestic battery. ECF 6-1 at 1-4. However, any alleged constitutional claim arising between 2007 and 2015 are time barred. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Although the statute of limitations is an affirmative defense, dismissal is appropriate where it is clear that the claim is time barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). Because it has clearly been more than two years since these claims accrued, they must be dismissed.

Furthermore, Mr. Sanders alleges that, in May 2019, South Bend police officers once again wrote a false arrest report about him. ECF 6 at 6. Here, Mr. Sanders is suing only the City of South Bend. Municipalities, however, cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). For liability to attach against a municipality under § 1983, a plaintiff must show that "*deliberate* action attributable to the municipality directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997) (emphasis in original). "Municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing

final policy with respect to the subject matter in question." *Pemaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Because Mr. Sanders does not allege that South Bend police officers wrote a false arrest report as a result of an official policy or custom established by the City of South Bend, he cannot proceed on this claim.

Though Mr. Sanders cannot proceed on this complaint, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). He may obtain a copy of this court's approved form – Civil Complaint (INND Rev. 8/16) – on the court website at https://www.innd.uscourts.gov/sites/innd/files/CvCmplt.pdf. If he chooses to file an amended complaint, he must put the cause number of this case on it, which is on the first page of this order. Further, Mr. Sanders may file another motion to proceed *in forma pauperis* by using form AO 239 (Rev. 1/15) (INND Rev. 8/16), which is available at https://www.innd.uscourts.gov/sites/innd/files/AO239.pdf.

For these reasons, the court:

(1) GRANTS Iredell Sanders until **December 31, 2019** to file an amended complaint;

(2) DENIES the motion to proceed *in forma pauperis* with leave to re-file (ECF 2);

(3) DENIES the motion for leave to file an *ex parte* document (ECF 4); and

(4) CAUTIONS Iredell Sanders that, if he does not respond by that deadline, this case may be dismissed without further notice.

SO ORDERED.

November 26, 2019                               *s/ Damon R. Leichty*
                                                Judge, United States District Court